IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOIS M. BEELES,)
    Plaintiff,)
)
vs.) Civil Action No. 04-1876
)
JO ANNE B. BARNHART,)
COMMISSIONER OF SOCIAL)
SECURITY,)
    Defendant.)

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                February 28, 2006

       This is an appeal from the final decision of the Commissioner denying plaintiff's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. Plaintiff, Lois M. Beeles, alleges that the administrative law judge's ("ALJ") decision that she is not disabled, and therefore is not entitled to benefits, should be reversed because it is contrary to law and unsupported by substantial evidence. The parties have filed cross-motions for summary judgment on this issue.

       Plaintiff filed for benefits on June 11, 1999. Plaintiff alleged that she had been disabled since October 13, 1995 due to diabetes, liver disease, abdominal pain, psoriasis, and neck surgery. Tr. 17, 119-21. Her application was denied.

Tr. 16, 81-87. Plaintiff then requested an administrative hearing which was held on June 5, 2000. On October 27, 2000, the ALJ determined that plaintiff was not entitled to benefits. Tr. 13-22. Plaintiff filed a request for review with the Appeals Council on November 16, 2000. The Appeals Council denied plaintiff's request for review, and plaintiff filed a complaint in this court, Civil Action No. 02-0753. On May 27, 2003, this court held that the ALJ improperly failed to consider plaintiff's fibromyalgia. Accordingly, this court vacated the decision of the Commissioner and remanded the matter to the Commissioner for additional administrative hearings. Tr. 653-673. The ALJ held a second hearing on June 2, 2004. Tr. 594-652. By decision dated October 1, 2004, the ALJ determined that plaintiff was not disabled.

Plaintiff argues that the ALJ's decision denying plaintiff disability insurance was erroneous. Specifically, plaintiff argues that the ALJ failed to credit her treating physicians' diagnoses of fibromyalgia. Plaintiff further argues that the ALJ erred in determining that plaintiff's testimony regarding her subjective symptoms was not credible. Plaintiff also argues that the ALJ's determination that she retained sufficient residual functional capacity despite her limitations to perform "light" work was in error.

Plaintiff must establish that her disability existed before the expiration of her insured status in order to be entitled to benefits. 42 U.S.C. § 423(d)(1)(A). Plaintiff's insured status expired on March 31, 1996. Thus, the relevant inquiry is whether the ALJ's decision is supported by substantial evidence of plaintiff's medical condition prior to that date.

Where the Commissioner's[1] findings are supported by substantial evidence we must affirm. 42 U.S.C. §405(g); see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). The "substantial evidence" standard of review requires that we review the whole record. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

The opinion of claimant's treating physicians "should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In Plummer, the court

---

[1] The ALJ's October 1, 2004, decision became the final decision of the commissioner after plaintiff elected not to file written exceptions with the Appeals Council.

of appeals held that "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." Id. at 429.

Here, the ALJ expressed doubt as to whether the diagnosis of fibromyalgia was "based upon medically acceptable clinical and laboratory diagnostic techniques." Tr. at 574. The ALJ concluded, however, that "the claimant has met the burden of establishing fibromyalgia as a severe impairment." Id. Thus, despite plaintiff's protestations to the contrary, the ALJ did, in fact, credit the diagnoses of her treating physicians regarding the extent and severity of plaintiff's fibromyalgia. Id. The ALJ conducted the appropriate inquiry and also included the effects of plaintiff's fibromyalgia in his assessment of plaintiff's residual functional capacity. Accordingly, the ALJ's decision was supported by substantial evidence.

Plaintiff also argues that the ALJ erred in finding her testimony regarding her subjective symptoms to be not credible. Allegations of pain and other subjective symptoms must be supported by objective medical evidence. Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). See also, 20 C.F.R. § 404.1529.

In <u>Hartranft</u>, the court of appeals noted that:

> "[o]nce an ALJ concludes that a medical impairment that could reasonably cause the alleged symptoms exists, he or she must evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work. This obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it."

<u>Hartranft</u>, 181 F.3d at 362. It is well established that "[a]n ALJ's credibility determinations are generally entitled to great weight and deference." <u>Fargnoli v. Halter</u>, 247 F.3d 34, 43 (3d Cir. 2001).

Here, the ALJ concluded that the "evidence of record establishes a basis for a degree of pain and functional limitation associated with the claimant's impairments, but it fails to support the disabling degree alleged by the claimant." Tr. at 576. The ALJ identified a number of specific instances in which the plaintiff's testimony was inconsistent with the objective medical evidence of record and plaintiff's previous accounts of her own daily activities. Thus, the ALJ's determination that plaintiff's testimony regarding her subjective symptoms was not credible is supported by substantial evidence.

The ALJ, after reviewing all of the medical evidence in the record, as well as the claimant's testimony at the hearing, concluded that plaintiff retained sufficient residual functional

5

capacity to perform "light" work.  Residual functional capacity is a term used to describe what a claimant can do despite his or her limitations.  The determination of residual functional capacity is a medical assessment.  See 20 C.F.R. § 404.1545(a); 45 Fed. Reg. 55,566 (1980) ("Anyone qualified to make medical judgments may assess residual functional capacity.").  See generally Finkelstein v. Sullivan, 924 F.2d 483 (3d Cir. 1991).

The ALJ found that, based upon the medical evidence presented regarding plaintiff's condition prior to March 31, 1996 and the testimony of a vocational expert, plaintiff was able to perform her past relevant work as an accounting clerk.  Thus, the ALJ concluded, plaintiff was not entitled to disability benefits.  Tr. at 578.  The ALJ also asked the vocational expert to assume that plaintiff was not able to return to her prior work.  The vocational expert testified that plaintiff was capable of making an adjustment to other work.  The vocational expert further testified that there are a number of jobs in the national economy that plaintiff could perform.  Tr. at 579.  In light of the relevant medical evidence of record and the testimony of the vocational expert, the ALJ's conclusion that plaintiff was not disabled is supported by substantial evidence.

Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled. The decision of the administrative law judge denying plaintiff's application for disability benefits will be affirmed.

AND NOW, this 28th day of February, 2006, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

_____, J.

cc: All Counsel of Record